Prem KAUR, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71675.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., Teresa L. Donovan, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A72–665–005.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Prem Kaur, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

Where, as here, the BIA adopts the IJ's credibility determination, we review the IJ's opinion as if it were the opinion of the BIA. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999). Upon review of the record, we conclude that the IJ's adverse credibility determination is not supported by substantial evidence. To the extent that the inconsistencies relied upon by the IJ are actually inconsistent, they are minor and do not go to the heart of Kaur's claim. *See Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir.2002); *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Moreover, in most cases, the IJ failed to explain why these discrepancies were significant for Kaur's asylum claim. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000).

While we generally "give special deference to a credibility determination that is based on demeanor," *Singh–Kaur*, 183 F.3d at 1151, we conclude that the IJ's finding of incredibility based on Kaur's demeanor is not supported by any observations made for the record and thus cannot support an adverse credibility determination. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 685–86 (9th Cir.2003).

Accordingly, we remand this matter to the BIA for further proceedings to determine whether, accepting Kaur's testimony as credible, she is eligible for asylum, with-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

holding of removal and relief under the Convention. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**